IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| WILLIAM G. HARRELL, ) <br> ) <br> Plaintiff, ) <br> ) No. 9:22-cv-03439-DCN <br> vs. ) <br> ) **ORDER** <br> MARTIN O'MALLEY,[1] ) <br> *Commissioner of Social Security*, ) <br> ) <br> Defendant. ) <br> _____) | |

This matter is before the court on Magistrate Judge Molly H. Cherry's report and recommendation ("R&R"), ECF No. 13, that the court affirm the Commissioner of Social Security's (the "Commissioner") decision denying claimant William G. Harrell's ("Harrell") application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act (the "Act"). For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I.   BACKGROUND

**A.  Procedural History**

The parties are familiar with Harrell's medical history and the procedural history of this case, and the parties do not object to the R&R's recitation thereof.[2] Therefore, the

---

[1] Martin O'Malley was sworn in as Commissioner of Social Security on December 20, 2023. Pursuant to Fed. R. Civ. P. 25(d), he is substituted as the defendant in this case.

[2] The court dispenses with citations throughout the background section and notes that, unless otherwise specified, the medical and procedural histories are gleaned from the Administrative Record and the R&R. Though the magistrate judge does not recite Harrell's medical history in the background section of the R&R, she references the relevant records and information in the discussion section.

court briefly recounts only those facts material to its review of Harrell's objections to the R&R.

Harrell filed an application for DIB and SSI under Titles II and XVI of the Act in November 2020. He claims to have been disabled since July 26, 2019. The Social Security Administration ("SSA") denied both of Harrell's claims on April 21, 2021, and upon reconsideration on February 15, 2022. Harrell requested a hearing before an administrative law judge ("ALJ"), and ALJ Ethan A. Chase presided over a telephonic hearing on July 8, 2022. Harrell and a vocational expert ("VE"), Dr. Jewel Euto, testified at the hearing. In a decision issued July 19, 2022, the ALJ determined that Harrell was not disabled within the meaning of the Act between July 26, 2019, and the date of the ALJ's decision. Harrell requested review of the ALJ's decision by the Appeals Council, and on September 8, 2022, the Appeals Council denied Harrell's request, making the ALJ's decision the final decision of the Commissioner for the purposes of judicial review.

On October 5, 2022, Harrell filed this action seeking judicial review of the ALJ's decision. ECF No. 1, Compl. Pursuant to 28 U.S.C. § 636 and Local Civ. Rule 73.02(B)(2)(a) (D.S.C.), all pretrial proceedings in this case were referred to Magistrate Judge Cherry. On January 19, 2024, the magistrate judge issued the R&R, recommending that the court affirm the ALJ's decision. ECF No. 13, R&R. Harrell objected to the R&R on February 1, 2024, ECF No. 14, and the Commissioner responded to the objections on February 7, 2024, ECF No. 16. As such, the matter has been fully briefed and is ripe for the court's review.

### B. Medical History

Harrell alleges a disability onset date of June 26, 2019,[3] when he was forty-four years old. ECF No. 8, Tr. 22, 46, 56. Harrell alleges a disability due to being blind or low vision; degenerative disk disease/cervicalgia/arthritis; hearing loss; anxiety; clinical depression; re-deviated septum/sinusitis; umbilical hernia; and sleep apnea. Id. at 57. Immediately prior to July 2019, he worked as a retail associate at Sam's Wholesale Club. Before that, he had worked as a software engineer for Johnson and Johnson and before that for Rogers and Brown Custom Brokers. Id. at 46.

### C. The ALJ's Decision

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an impairment contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him from performing past relevant work; and (5) if so, whether the claimant is able to perform

---

[3] In his application, Harrell listed an onset date of June 18, 2018. Tr. 56, 126. However, during the hearing before the ALJ, Harrell amended his alleged onset date to July 26, 2019, to comport with his work history. Id. at 46.

other work considering both his remaining physical and mental capacities (defined by his residual functional capacity ("RFC")) and his vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264–65 (4th Cir. 1981). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)). "If an applicant's claim fails at any step of the [sequential evaluation] process, the ALJ need not advance to the subsequent steps." Id. (citing Hunter, 993 F.2d at 35).

To determine whether Harrell was disabled from his alleged onset date of July 26, 2019, the ALJ employed the statutorily required five-step evaluation process. At the first step, the ALJ found that Harrell had not engaged in substantial gainful activity since July 26, 2019, the amended alleged onset date. Tr. 25. At the second step, the ALJ found that Harrell had the following severe impairments: monocular vision, spine disorder, hernia, depressive disorder, anxiety disorder, and attention deficit hyperactivity disorder. Id. At the third step, the ALJ found that Harrell did not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in the SSA's Listing of Impairments, 20 C.F.R. § 404.1520(d), et seq. Tr. 25.

Before reaching the fourth step, the ALJ determined that Harrell retained the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he cannot climb ladders, ropes or scaffolds. He can occasionally do postural activities. He is limited to frequent but not constant depth/peripheral vision work. He should avoid hazards and unprotected heights. The claimant is limited to unskilled tasks

and occasional changes in the work setting, with no public interaction. He may miss one day of work per month.

Tr. 28. Based on the RFC, the ALJ found that Harrell was unable to perform any past relevant work at the fourth step. Id. at 32. Finally, at the fifth step, the ALJ found that based on Harrell's age, education, work experience, and RFC, Harrell was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including work as a hand packager, sorter, and blending tank tender helper. Id. at 32–33. Therefore, the ALJ concluded that Harrell was not disabled under the meaning of the Act during the period at issue. Id. at 33.

## II. STANDARD

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the magistrate judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by

5

substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted).

Although the district court's role is limited, "it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). Further, although the court will not reweigh the evidence considered, the Commissioner's findings of fact are not binding where they are based on an improper legal standard. Coffman v. Bowen, 829 F.2d 514, 519 (4th Cir. 1987).

### III.  DISCUSSION

In his initial brief filed with this court, Harrell raised two issues:

[1] Whether the [ALJ] erred by failing to explain the basis for the [RFC] finding that Mr. Harrell would be absent from work one day per month, an apparently arbitrary finding that prevents the decision from being supported by substantial evidence?

[and (2)] Whether the ALJ erred by failing to resolve obvious and apparent conflicts between the [VE] testimony and the Dictionary of Occupational Titles ("DOT"), such that the Commissioner has failed to meet her Step Five burden of showing that a substantial number of jobs exist in the national economy that Mr. Harrell is capable of performing?

ECF No. 9 at 1. The magistrate judge recommended affirming the ALJ on both issues. R&R at 1. The court takes each issue in turn.

In his initial brief, Harrell argued that the ALJ's decision that he "may miss one day of work per month" is arbitrary and unsupported by substantial evidence because the ALJ did not explain how he reached that decision. ECF No. 9 at 14 (quoting Tr. 28). Harrell acknowledged that the state agency psychological consultants found he would need "to miss no more than an occasional day due to his mental illness." Id. (quoting Tr. 73, 113). However, he notes that the Social Security Administration defines the word "occasional" to mean "occurring from very little to up to one-third of the time." Id. (citing Social Security Ruling ("SSR") 83-10). He therefore argues that the word "occasional" in the consultants' opinions could reasonably be read to mean Harrell would need to miss more than one day per month, and he says "[t]he ALJ failed to explain how he arrived at the 'may miss one day of work per month' limitation or why being absent one day per month is more appropriate than a work-preclusive limitation to two days per month." Id. at 14–15. In furtherance of this argument, he cities opinions from several courts in this circuit, notably including Daniel v. Saul, 2020 WL 8083665 (D.S.C. Dec. 18, 2020), report and recommendation adopted 2021 WL 75165 (D.S.C. Jan. 8, 2021). ECF No. 9 at 16–19.

The magistrate judge recommended affirming the ALJ's findings on Harrell's RFC assessment. R&R at 8–14. In pertinent part, the magistrate judge noted that the ALJ explained all of the evidence in his order related to Harrell's physical and mental impairments. Id. at 10–12. The magistrate judge specifically found that the ALJ sufficiently explained why he found Harrell would need to miss one day of work based

7

on the determinations of the state agency's psychological consultant. Id. at 12. She also distinguished this case from Daniel because the ALJ's decision in that case directly conflicted with testimony from various physicians about the number of days the plaintiff would need to miss from work; whereas, in this case, the only evidence on the number of days per month that Harrell could miss came from the state's psychological consultants, whose opinions the ALJ adopted. Id. at 12–13. Moreover, she explained that, "[t]o the extent [Harrell] is asserting that the psychological consultants' use of the term 'occasional day" created conflicting evidence that needed to be resolved, it was for the ALJ to resolve that conflict." Id. at 14 (citing Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012)).

In his objection, Harrell essentially reiterates his earlier arguments against the ALJ's decisions. See ECF No. 14 at 2–5. He claims that "like the ALJ's decision, the R&R fails to explain how [the Commissioner] concluded Mr. Harrell 'may miss one day of work per month' but not more." Id. at 2. Harrell then cites many of the same cases he cited in the initial brief he filed in this court. See id. at 2–5. He therefore requests that this court reverse the ALJ and remand this case for further proceedings so that "an explanation [can be developed for] how the ALJ reaches any RFC conclusions regarding how frequently [Harrell] would be absent from work due to his impairments." Id. at 5. In response, the Commissioner argues that the ALJ's discussion of both the evidence in the record and how that evidence supported his decision were sufficient and that remand is therefore not necessary. ECF No. 16 at 3.

To the extent Harrell's objection could be classified as a specific objection requiring de novo review, the court agrees with the magistrate judge and the

Commissioner. "A Social Security claimant's RFC represents 'the most [he] can still do despite [his] limitations.'" Dowling v. Comm'r of Soc. Sec. Admin., 986 F.3d 377, 387 (4th Cir. 2021) (quoting 20 C.F.R. § 416.945(a)(1)). The ALJ's RFC analysis must have three components: "(1) evidence, (2) logical explanation, and (3) conclusion. The second component, the ALJ's logical explanation, is just as important as the other two. Indeed, our precedent makes clear that meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion." Thomas v. Berryhill, 916 F.3d 307, 311 (4th Cir. 2019).

As the magistrate judge explained, the ALJ based his RFC determination on Harrell's hearing testimony, Harrell's treatment history, opinions from Harrell's psychiatrist, opinions from the state agency psychological consultants, opinions from the state agency medical consultants, and other similar evidence from the record. Tr. 28–32. The ALJ's determination that Harrell would need to miss one day per month is supported by the state psychological consultants' determinations:

> The State Agency psychological consultants, Rebekah Jackson., and Blythe Farish-Ferrer, Ph.D., determined that the claimant can attend to and perform simple tasks for two plus hours at a time without special supervision. He can attend work regularly, <u>needing to miss no more than an occasional day due to his mental illness</u>. He can accept supervision, but may not be suited for work with the general public. He can use public transportation, make work related decisions, and protect himself from work related safety hazards (1A/2A; 9A/10A). I find these determinations generally persuasive because they provided a detailed narrative and cited the record, which showed that during offices visits and upon examinations, the claimant was alert and orientated, cooperative, and had intact memory and intact concentration.

Tr. 31 (emphasis added).

Harrell may be correct that, in some regulatory rulings, the Social Security Administration defines "occasional" to mean "occurring from very little up to one-third

9

of the time" in certain situations.  See SSR 83-10.  However, courts in this circuit have repeatedly recognized that this definition of the word "occasional" in SSRs does not apply when context suggests that the word is being used according to "its ordinary meaning in common parlance."  Fulp v. Kijakazi, 2022 WL 3999053, at *6 (M.D.N.C. Sept. 1, 2022), report and recommendation adopted 2022 WL 17831971 (M.D.N.C. Sept. 19, 2022); accord Cody A. v. Saul, 2021 WL 1015813, at *5 (W.D. Va. Mar. 16, 2021).  By stating that Harrell would need to "miss no more than an occasional day due to his mental illness," the psychological consultants did not give any indication that they were using the word "occasional" according to its meaning in the SSR, and Harrell has provided no argument to indicate otherwise.  See Tr. 73; 113; ECF Nos. 9; 14; see also Cody A., 2021 WL 1015813, at *5 ("However, there is no reason to believe that the state agency consultants were relying on [a SSR's] definition of the word when determining that Cody would have 'occasional' interruptions from his anxiety and mood symptoms because they were not assessing his ability to do sedentary work.").  The court finds that context strongly suggests the consultants were using the word in the ordinary sense, meaning "at irregular or infrequent intervals."  Fulp, 2022 WL 3999053, at *6 (citation omitted).  Accordingly, the court finds that the ALJ's explanation provided a logical bridge between the evidence presented by the consultants and his conclusion.[4]  See Tr. 31; Thomas, 916 F.3d at 311.  Moreover, while it may be true that the consultant's testimony could also support a different RFC finding, "the duty to consider the evidence and resolve any conflicts in that evidence rests with the ALJ: not with the Plaintiff, and

---

[4] For this reason, the magistrate judge was correct to distinguish this case from Daniel because "the ALJ in this case did not fail to consider and reconcile conflicting evidence."  R&R at 13; accord Daniel, 2020 WL 8083665, at *5.

10

not with this Court." Newton v. Saul, 2019 WL 3769880, at *8 (D.S.C. July 11, 2019), report and recommendation adopted 2019 WL 3766480 (D.S.C. Aug. 8, 2019). As such, the court adopts the R&R and affirms the ALJ's decision with respect to Harrell's RFC.

Moving to the second issue Harrell raised in his initial brief, the court notes that Harrell does not object to the magistrate judge's conclusion on this issue. See ECF No. 14. Therefore, the court reviews the magistrate judge's findings for clear error. See Diamond, 416 F.3d at 315. Finding none, the court adopts the magistrate judge's recommendation on the second issue and affirms the ALJ's findings with respect to the Commissioner's Step Five determinations. As such, the court adopts the R&R in full and affirms the ALJ's decision.

### IV.   CONCLUSION

For the forgoing reasons, the court **ADOPTS** the R&R in full and **AFFIRMS** the ALJ's decision.

**AND IT IS SO ORDERED.**

_/s/ David C. Norton_
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 20, 2024**
**Charleston, South Carolina**